Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

Tara Newbery, Esq.
NV Bar No. 10696
Connaghan | Newberry
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (702) 608-4232
Facsimile: (702) 946-1830
tnewbery@cnlawlv.com

*Attorneys for Plaintiffs*
Robert Mallory, Karen Mallory
and Alan Willey

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| **ROBERT MALLORY, KAREN MALLORY and ALAN WILLEY, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**MCCARTHY HOLTHUS, LLP,**<br><br>Defendant. | **Case No.:** 2:14-cv-00396-KJD-VCF<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; NRS 598 ET SEQ.; AND NRS 41.600 ET SEQ.**<br><br>**[CLASS ACTION]**<br><br>**JURY TRIAL DEMANDED** |

*///*

*///*

*FIRST AMENDED Class Action Complaint*

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. ROBERT MALLORY, KAREN MALLORY, and ALAN WILLEY (jointly as "Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of MCCARTHY HOLTHUS, LLP ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1692 *et seq.*; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011). Jurisdiction arises for Plaintiffs' supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (ii) the Nevada Deceptive Trade Practices Act, NRS 598 et seq. ("NDTPA") and, (iii) NRS 41.600 et seq.

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiffs are residents of Clark County, the State of Nevada and Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Defendant is registered with the Nevada Secretary of State with a registered agent of service in Las Vegas, Nevada.

**PARTIES**

11. Plaintiffs are natural persons residing in the County of Clark, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs. In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a limited liability partnership operating in Nevada, whose primary address is in San Diego, California.

13. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. § 1692a(6).

14. Defendant is a multi-state law firm and debt collector, offering debt collection services in various industries, including but not limited to foreclosure debts allegedly owed by consumers.

15. Plaintiffs are informed and believe, and thereon allege, that the alleged debts are regarding mortgage debts, which is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Because this alleged debt is for mortgage debts, which are primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiffs were individuals residing within the State of Nevada.

17. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of Nevada.

### FACTS PERTAINING TO
### ROBERT MALLORY AND KAREN MALLORY

18. Plaintiffs ROBERT MALLORY and KAREN MALLORY, who are greater than 60 years old, are "elderly persons" as defined in NRS 598.0933.

19. Sometime before December 2013, ROBERT MALLORY and KAREN MALLORY allegedly obtained a mortgage loan to purchase a home in Las Vegas. This debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another

person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692(a)(6).

20. Sometime thereafter, ROBERT MALLORY and KAREN MALLORY allegedly fell behind on mortgage payments, causing the servicer of the loan to report it in default.

21. ROBERT MALLORY and KAREN MALLORY take no position as to the validity of the alleged post-default debt.

22. As a result of the alleged default, the alleged debt is classified as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692(a)(6), and actions taken to collect the debt constitutes an act of debt collection, subject to the FDCPA.

23. Subsequently, the alleged post-default debt was allegedly assigned, placed or otherwise transferred, to Defendant for collection.

24. On or about December 10, 2013, Defendant or its agent/s began contacting ROBERT MALLORY and KAREN MALLORY via written letter in attempt to collect the alleged debts. This letter was a "communication" as defined in 15 U.S.C. § 1692(a)(2).

25. Upon information and belief, ROBERT MALLORY and KAREN MALLORY allege this was Defendant's initial contact with Plaintiffs regarding the alleged debt owed.

26. Defendant's letter to ROBERT MALLORY and KAREN MALLORY demanded repayment of the alleged post-default debt totaling $96,437.03 to "reinstate and avoid the foreclosure." Defendant's attempt to collect the alleged post-default debt constituted debt collection.

27. Defendant's letter to ROBERT MALLORY and KAREN MALLORY included the following:

> **NOTICE: THIS OFFICE <u>MAY BE CONSIDERED A DEBT COLLECTOR</u> AND <u>THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT</u> AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. (emphasis added)**

28. Defendant, identifying itself and acting as a debt collector by attempting to collect an alleged debt post-default, failed to include in its letter to ROBERT MALLORY and KAREN MALLORY the proper notices as required by the FDCPA in connection with attempting to collect a debt.

29. Defendant failed to provide ROBERT MALLORY and KAREN MALLORY with the language required under the FDCPA, 15 U.S.C. § 1692g(a), within 5 days of the initial contact regarding the alleged debt. Such failure thus violated 15 U.S.C. § 1692g(a).

30. Defendant's letter to ROBERT MALLORY and KAREN MALLORY failed to identify to whom the alleged debt was owed, as required, thus violating 15 U.S.C. § 1692g(a)(2).

31. Defendant's letter to ROBERT MALLORY and KAREN MALLORY failed to identify Plaintiffs' legal rights to dispute the validity of the debt as required, thus violating15 U.S.C. § 1692g(a)(4).

32. Moreover, Defendant's letter to ROBERT MALLORY and KAREN MALLORY failed to notify them, as required under 15 U.S.C. § 1692g(a)(3), that the alleged debt would be assumed valid unless they disputed the debt within 30 days of receipt of the notice. Such a failure violated 15 U.S.C. § 1692g(a)(3).

33. Finally, Defendant's letter to ROBERT MALLORY and KAREN MALLORY failed to include a statement, as required under 15 U.S.C. § 1692g(a)(5), that upon their request within the 30-day period, Defendant would provide ROBERT MALLORY and KAREN MALLORY with the name and address of the original creditor, if different from the current creditor. Defendant's failure violated 15 U.S.C. § 1692g(a)(5).

34. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using deceptive and misleading means to collect Plaintiffs' alleged debt.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiffs' alleged debt.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debts owed by Plaintiffs.

37. NRS 598.0915(15) prohibits knowingly making a false representation in a transaction. By acting as a debt collector, demanding repayment to "reinstate and avoid the foreclosure," and failing to include the required notices under the FDCPA, Defendant knowingly made a false representation as to Plaintiffs' rights and liabilities with regard to a transaction. Thus, Defendant violated NRS 598.0915(15).

38. NRS 598.0923(3) states that a "deceptive trade practice" occurs when in the course of his or her business or occupation he or she knowingly violates a state or federal statute or regulation relating to the sale or lease of goods or services. Through its numerous violations of the FDCPA, a federal statute, and the NDTPA, a Nevada statute, Defendant violated NRS 598.0923(3).

39. NRS 41.600(2)(e) defines "consumer fraud" as a "deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." Thus, Defendant's violations of NRS 598.0915(15) and NRS 598.0923(3), described herein, constitute "consumer fraud" under NRS 41.600(2)(e).

40. NRS 598.0973 provides a civil penalty for engaging in deceptive trade practice directed toward elderly person or person with disability. Pursuant to NRS 598.0933, "Elderly person" means a person who is 60 years of age or

older. ROBERT MALLORY and KAREN MALLORY are both over the age of 60, and therefore are "elderly persons." Through its violations of NRS 598 *et seq.*, Defendant violated NRS 598.0973 by engaging in a deceptive trade practice, as defined in NRS 598.0915 to NRS 598.0925, against "elderly persons" ROBERT MALLORY and KAREN MALLORY.

### FACTS PERTAINING TO ALAN WILLEY

41. Plaintiff ALAN WILLEY, who is greater than 60 years old, is an "elderly person" as defined in NRS 598.0933.

42. Sometime before December 2013, ALAN WILLEY allegedly obtained a mortgage loan to purchase a home in Henderson, Nevada.

43. Sometime thereafter, ALAN WILLEY allegedly fell behind on mortgage payments, causing the servicer of the loan to report it in default.

44. As a result of the alleged default, the alleged debt is classified as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692(a)(6), and actions taken to collect the debt constitutes an act of debt collection, subject to the FDCPA.

45. ALAN WILLEY takes no position as to the validity of the alleged post-default debt.

46. Subsequently, the alleged post-default debt was allegedly assigned, placed or otherwise transferred, to Defendant for collection.

47. On or about June 22, 2013, Defendant or its agent/s began contacting ALAN WILLEY via written letter in attempt to collect the alleged debt. This letter was a "communication" as defined in 15 U.S.C. § 1692(a)(2).

48. Upon information and belief, Plaintiffs allege this was Defendant's initial contact with ALAN WILLEY regarding the alleged debt owed.

49. Defendant's letter to ALAN WILLEY demanded repayment of the alleged post-default debt totaling $16,832.68, to "reinstate and avoid the foreclosure." Defendant's attempt to collect the alleged debt post-default constituted debt collection act.

50. Defendant's letter to ALAN WILLEY included the following:

> **NOTICE: THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.** (emphasis added)

51. Defendant, identifying itself and acting as a debt collector by attempting to collect an alleged debt post-default, failed to include in its letter the proper notices as required by the FDCPA in connection with attempting to collect a debt.

52. Defendant failed to provide ALAN WILLEY with the language required under the FDCPA, 15 U.S.C. § 1692g(a), within 5 days of the initial contact regarding the alleged debt, thus violating the FDCPA.

53. Defendant's letter to ALAN WILLEY failed to identify to whom the alleged debt was owed, as required under 15 U.S.C. § 1692g(a)(2), thus violating the FDCPA.

54. Defendant's letter to ALAN WILLEY failed to identify ALAN WILLEY's legal rights to dispute the validity of the debt as required, thus violating 15 U.S.C. § 1692g(a)(4).

55. Moreover, Defendant's letter to ALAN WILLEY failed to notify ALAN WILLEY, as required under 15 U.S.C. § 1692g(a)(3), that the alleged debt would be assumed valid unless he disputed the debt within 30 days of receipt of the notice. Such a failure violated 15 U.S.C. § 1692g(a)(3).

56. Finally, Defendant's letter to ALAN WILLEY failed to include a statement, as required under 15 U.S.C. § 1692g(a)(5), that upon his request within the 30-day period, Defendant would provide ALAN WILLEY with the name and address of the original creditor, if different from the current creditor. Defendant's failure violated 15 U.S.C. § 1692g(a)(5).

57. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using deceptive and misleading means to collect Plaintiffs' alleged debt.

58. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiffs' alleged debt.

59. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debts owed by Plaintiffs.

60. NRS 598.0915(15) prohibits knowingly making a false representation in a transaction. By acting as a debt collector, demanding repayment to "reinstate and avoid the foreclosure," and failing to include the required notices under the FDCPA, Defendant knowingly made a false representation as to Plaintiffs' rights and liabilities with regard to a transaction. Thus, Defendant violated NRS 598.0915(15).

61. NRS 598.0923(3) states that a "deceptive trade practice" occurs when in the course of his or her business or occupation he or she knowingly violates a state or federal statute or regulation relating to the sale or lease of goods or services. Through its numerous violations of the FDCPA, a federal statute, and the NDTPA, a Nevada statute, Defendant violated NRS 598.0923(3).

62. NRS 41.600(2)(e) defines "consumer fraud" as a "deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." Thus, Defendant's violations of NRS 598.0915(15) and NRS 598.0923(3), described herein, constitute "consumer fraud" under NRS 41.600(2)(e).

63. NRS 598.0973 provides a civil penalty for engaging in deceptive trade practice directed toward elderly person or person with disability. Pursuant to NRS 598.0933, "Elderly person" means a person who is 60 years of age or

older. ALAN WILLEY is over the age of 60, and therefore is an "elderly person." Through its violations of NRS 598 *et seq*., Defendant violated NRS 598.0973 by engaging in a deceptive trade practice, as defined in NRS 598.0915 to NRS 598.0925, against "elderly person" ALAN WILLEY.

CLASS ACTION ALLEGATIONS

64. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class" and "Subclass").

65. Plaintiffs represent, and are members of the Class, consisting of:

> All persons with addresses within Nevada to whom Defendant sent an initial written communication between the date of the filing of this action and one year preceding, which was not returned undeliverable by the United States Postal Service, and was attempting to collect a debt and failed to include a required notice under 15 U.S.C. § 1692g and failed within 5 days of sending the initial written communication to provide that person with the notice required under 15 U.S.C. § 1692g.

66. Plaintiffs represent, and are members of the Subclass, consisting of:

> All persons over the age of 60, with addresses within Nevada to whom Defendant sent an initial written communication between the date of the filing of this action and four years preceding, which was not returned undeliverable by the United States Postal Service, and was attempting to collect a debt and failed to include a required notice under 15 U.S.C. § 1692g and failed within 5 days of sending the initial written communication to provide that person with the notice required under 15 U.S.C. § 1692g.

67. Defendant and its employees or agents are excluded from the Class and Subclass. Plaintiffs do not know the number of members in the Class and Subclass, but believe the Class and Subclass members number in the hundreds, if not thousands. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

68. Plaintiffs and members of the Class and Subclass were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive collection practices, when it failed to provide the required notices under 15 U.S.C. § 1692g(a)(3-5). Plaintiffs and the Class and Subclass members were damaged thereby.

69. This suit seeks only damages for recovery of statutory damages on behalf of the Class and Subclass, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class and Subclass definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

70. The joinder of the Class and Subclass members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class and Subclass can be identified through Defendant's records or Defendant's agents' records.

71. There is a well-defined community of interest in the questions of law and

fact involved affecting the parties to be represented. The questions of law and fact to the Class and Subclass predominate over questions which may affect individual Class and Subclass members, including the following:

a. Whether, within the one year prior to the filing of this Complaint, Defendant or its agents sent to the Class any written initial debt collection letters that failed to include the required notices under 15 U.S.C. § 1692g(a)(3-5);

b. Whether, after failing to include the notices required under 15 U.S.C. § 1692g, Defendant or its agents failed to provide the required notices to the Class members within 5 days, as required under 15 U.S.C. § 1692g(a)(3-5);

c. Whether, within four years prior to the filing of this Complaint, Defendant or its agents sent to the Subclass any written initial debt collection letters that failed to include the required notices under 15 U.S.C. § 1692g(a)(3-5);

d. Whether, after failing to include the notices required under 15 U.S.C. § 1692g, Defendant or its agents failed to provide the required notices to the Subclass members within 5 days, as required under 15 U.S.C. § 1692g(a)(3-5), and

e. Whether Plaintiffs and the Class and Subclass members were damaged thereby, and the extent of damages for such violation.

f.  Whether Defendant maintains policies and procedures sufficient to satisfy Defendant's bona fide error affirmative defense.

72. As persons that received at least one debt collection letter that failed to include the notice required under 15 U.S.C. § 1692g, and then did not within 5 days of the initial communication, receive the notice required under 15 U.S.C. § 1692g(a), Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interest of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

73. As persons over the age of 60 that received at least one debt collection letter that failed to include the notice required under 15 U.S.C. § 1692g, and then did not within 5 days of the initial communication, receive the notice required under 15 U.S.C. § 1692g(a), Plaintiffs are asserting claims that are typical of the Subclass. Plaintiffs will fairly and adequately represent and protect the interest of the Subclass in that he have no interests antagonistic to any member of the Subclass.

74. Plaintiffs and the members of the Class and Subclass have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class and Subclass will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue

such illegal conduct. Because of the size of the individual Class and Subclass member's claims, few, if any, Class and Subclass members could afford to seek legal redress for the wrongs complained of herein.

75. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

76. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Nevada law. The interest of Class and Subclass members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FDCPA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

77. Defendant has acted on grounds generally applicable to the Class and Subclass, thereby making appropriate final declaratory relief with respect to the Class and Subclass as a whole.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

78. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

80. As a result of each and every violation of the FDCPA, the named Plaintiffs are entitled to damages of $1,000 and such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT NRS 598 ET SEQ. (NDTPA), CONSTITUTING "CONSUMER FRAUD" UNDER NRS 41.600 ET SEQ.

81. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA, which incorporates the FDCPA through NRS 598.0923(3).

83. As a result of each and every violation of the NDTPA, which incorporates the FDCPA, and constitutes "consumer fraud" under NRS 41.600(2)(e), the named Plaintiffs are entitled to damages of $1,000 and such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to

15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

84. As a result of each and every violation of the NDTPA, which incorporates the FDCPA, and constitutes "consumer fraud" under NRS 41.600(2)(e), named Plaintiffs are entitled to damages of $12,500 pursuant to NRS 598.0973.

85. Further, as a result of each and every violation of the NDTPA, which incorporates the FDCPA, and constitutes "consumer fraud" under NRS 41.600(2)(3), the named Plaintiffs are entitled to any damages sustained, pursuant to NRS 41.600(3)(a); and reasonable attorney's fees and costs pursuant to NRS 41.600(3)(b) from Defendant.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

- an award of statutory damages of $1,000.00 to each named Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- an award of any such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net

worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), against Defendant;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

- any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT NRS 598 ET SEQ. (NDTPA), CONSTITUTING "CONSUMER FRAUD" UNDER NRS 41.600 ET SEQ.

- an award of statutory damages of $1,000.00 to each named Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- an award of any such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), against Defendant;

- an award of any damages Plaintiffs sustained, pursuant to NRS 41.600(3)(a), against Defendant.

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and NRS 41.600(3)(b), against Defendant;

- an award of damages of $12,500 to each named Plaintiff and members of the SubClass, pursuant to NRS 598.073; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

86.  Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: July 7, 2014                     Respectfully submitted,


                                        BY: /s/ DANNY J. HOREN
                                             DANNY J. HOREN, ESQ.
                                             NV BAR NO. 13153
                                             KAZEROUNI LAW GROUP, APC
                                             ATTORNEYS FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**