Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

Tara Newbery, Esq.
NV Bar No. 10696
Connaghan | Newberry
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (702) 608-4232
Facsimile: (702) 946-1830
tnewberry@cnlawlv.com

*Attorneys for Plaintiffs*
Robert Mallory, Karen Mallory
and Alan Willey

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| **ROBERT MALLORY, KAREN MALLORY and ALAN WILLEY, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**MCCARTHY HOLTHUS, LLP,**<br><br>Defendant. | **Case No.:** 2:14-cv-00396-KJD-VCF<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

///

///

---

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

This case arises out of McCarthy Holthus LLP's ("Defendant") attempt to collect a post-default debt against Plaintiffs. Defendant seeks dismissal of Plaintiffs' First Amended Complaint, arguing that Defendant is not a debt collector and therefore not subject to the FDCPA. However, Defendant is a debt collector, as Defendant attempted to collect payment of money due or owing to another. FAC ¶ 14, 22. Defendant further argues that since Defendant must comply with a state statute (NRS 107), it could not have violated the FDCPA. This is patently false, and as the FDCPA clearly states, compliance with both the FDCPA and state law is required. Should a conflict arise, the FDCPA preempts any conflicting state law. *See* 15 U.S.C. § 1692n.

On or about December 10, 2013, Defendant sent a debt collection letter to Plaintiffs ROBERT MALLORY and KAREN MALLORY. FAC ¶ 24. On or about June 22, 2013, Defendant sent a debt collection letter to Plaintiff ALAN WILLEY. FAC ¶ 47. Each of Defendant's letters to Plaintiffs stated that Defendant could be a debt collector.[12] Yet surprisingly, throughout its Motion, Defendant impermissibly argues that it is not a debt collector, in direct contradiction with the factual

---

[1] Defendant's June 22, 2013 letter to ALAN WILLEY states: **NOTICE: THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

[2] Defendant's December 10, 2013 letter to ROBERT MALLORY and KAREN MALLORY states: **NOTICE: THIS OFFICE MAY BE CONSIDERED A DEBT COLLECTOR AND THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**.

allegations in Plaintiffs' First Amended Complaint. Not only is Defendant's contention misplaced in a 12(b)(6) motion, but it is patently false, as evidenced by its own collection letters claiming Defendant *may be a debt collector attempting to collect a debt*.

As will be discussed fully herein, Defendant's motion to dismiss should be denied in its entirety because 1) Defendant is a debt collector subject to the FDCPA; 2) Defendant was collecting a debt, not enforcing a security interest; and 3) Defendant's compliance with the requirements of NRS 107 do not relieve Defendant of its responsibility of FDCPA compliance as a debt collector. Accordingly, Defendant's motion should be denied in its entirety. In the alternative, Plaintiff respectfully requests leave to amend any deficiencies this Court may find with its First Amended Complaint.

## II.  LEGAL STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 [127 S.Ct. 1955, 1964, 167 L.Ed.2d 929] (2007). A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94

S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), noted:

> *Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true. We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be. See *Twombly,* 550 U.S., at 555, 127 S.Ct. 1955 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *id.*, at 556, 127 S.Ct. 1955 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); see also *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"). The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel. That is not what we have here.

*Id*.

The Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir.2009).

## III.   DEFENDANT WAS COLLECTING A DEBT

Defendant asserts in its Motion that Defendant was not trying to collect a debt.  Yet Defendant's letters explicitly state they could be considered debt collectors attempting to collect a debt.  Further, the letters state, "We are writing to let you know that your mortgage loan payment is past due, … You may be able to avoid foreclosure by, among other alternatives, ***paying the total amount necessary to bring the account current***." (emphasis added). Defendant's letter to

ALAN WILLEY[3] goes on to state, "[t]he **total amount needed** to reinstate and avoid the foreclosure **is $16,832.68** as of the date of this letter. Please note: These amounts are subject to change. Please call us at one of the telephone numbers listed below for the most current amount." (emphasis added). Defendant's letters are the absolute definition of debt collection. The letters attempt to collect an amount owed by demanding a payment.

Defendant makes an attempt to frame its letters as non-judicial foreclosure activity, which Defendant argues is exempt from the FDCPA. Defendant makes the argument that "even absent the requirement of NRS 107.080, enforcement of rights in property securing a debt, in this instance a deed of trust, does not constitute collection of a debt under the general provisions of the FDCPA..." Def.'s Motion, p. 3, ln. 11-13.  Defendant's argument fails on its face, however, because Defendant is not merely foreclosing in these letters to Plaintiffs. "A 'foreclosure' is '[t]he sale of mortgaged property, authorized by a court decree or a power-of-sale clause, to satisfy the debt.' SALE, Black's Law Dictionary (9th ed. 2009). Foreclosures may be "judicial" or "non-judicial." A sale pursuant to a court decree is called a "judicial foreclosure." FORECLOSURE, Black's Law Dictionary (9th ed. 2009)." Rahoi v. JPMorgan Chase Bank, N.A., 2013 U.S. Dist. LEXIS 83571, 9 (N.D. Cal. June 12, 2013). Collecting money owed on a mortgage is debt collection, it is not a "foreclosure."

---

[3] Defendant's letter to Plaintiffs ROBERT MALLORY and KAREN MALLORY states, "the total amount to reinstate and avoid foreclosure is $96,437.03 as of the date of this letter."

Defendant's letters to Plaintiffs seek to *collect money* from the Plaintiffs, which is exactly the type of activity that the FDCPA regulates. Moreover, Defendant's letters, even if attempting to enforce a security interest, also attempt to collect a debt. Finally, foreclosure activity, which Defendant wrongfully asserts is all that took place in its letters to Plaintiffs, can be debt collection activity subject to the FDCPA. As such, Defendant's Motion must be denied.

### A. Plaintiffs' alleged debts are "debts" within the meaning ascribed by the FDCPA

First, Plaintiffs' alleged payment obligations fall within the definition of a "debt" under 15 U.S.C. § 1692a(5). *See Reese v. Ellis Painter Ratterree Adams LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) ("[The term "debt"] clearly encompasses the Reeses' payment obligations under the promissory note at issue in this case. Under that promissory note, the Reeses are consumers who must pay money to [defendant], and their obligation to do so arose from a transaction involving property that is primarily for the Reeses' personal, family, or household purposes (they live on the property)). *See also Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238, 1241–42 (11th Cir.2012) (treating a letter requesting payment on a promissory note secured by a mortgage as "an attempt at debt collection" within the meaning of the FDCPA); *see also Kojetin v. C U Recovery, Inc.,* 212 F.3d 1318, 1318 (8th Cir.2000) (per curiam) (treating a promissory note signed in connection with a car loan as a debt within the meaning of the FDCPA).

Here, as plead in Plaintiffs' First Amended Complaint, Plaintiffs' alleged

debts arose out of their obligations to pay a loan that was primarily for Plaintiffs'
personal, family, or household purposes, since they, like the Reeses, lived on the
properties in question. Thus, Plaintiffs' alleged debts are "debts" as defined by 15
U.S.C. § 1692a(5).

### B. Letters seeking to enforce a security interest that also seek to collect a debt are subject to the FDCPA

When the defendant in *Reese* made the same argument that Defendant
makes here – that Defendant's letters are not debt-collection activity because the
purpose was simply to inform the Plaintiffs that Defendant intended to enforce its
security interest through the process of non-judicial foreclosure – the court refused
to accept the argument. In discussing, the *Reese* court stated:

> In other words, we should ignore the language in the letter and
> documents that demands payment on the promissory note in
> favor of what the firm says was the purpose (of the firm or of
> the letter and documents it sent, or both). If we will do that, the
> firm argues, we will see that the letter and documents were not
> an attempt to collect a debt within the meaning of § 1692e but
> merely an attempt to enforce a security interest. ***That argument
> wrongly assumes that a communication cannot have dual
> purposes...The fact that the letter and documents relate to the
> enforcement of a security interest does not prevent them from
> also relating to the collection of a debt within the meaning of
> § 1692e.***
>
> The rule the Ellis law firm asks us to adopt would exempt from
> the provisions of § 1692e any communication that attempts to
> enforce a security interest regardless of whether it also attempts
> to collect the underlying debt. That rule would create a loophole
> in the FDCPA. A big one. ***In every case involving a secured
> debt, the proposed rule would allow the party demanding
> payment on the underlying debt to dodge the dictates of §
> 1692e by giving notice of foreclosure on the secured interest***.

The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. ***That can't be right. It isn't. A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured.*** (emphasis added).

*Reeses v. Ellis Painter Ratterree Adams LLP*, 678 F.3d 1211, 1216.

Thus, at a minimum, letters can both seek to enforce a security interest *and* collect a debt. Here, it is evident that Defendant's letters, even if they attempted to enforce a security interest, also served the purpose of debt collection (as the letters themselves state), and therefore are subject to the FDCPA. *See Reese v. Ellis Painter Ratterree Adams LLP*, 678 F.3d 1211, 1216. Because Defendant's collection letters are subject to the FDCPA, Defendant's Motion fails and must be denied.

## C. The case law that Defendant relies on its brief is of little use

As already explained, Defendant was attempting to collect a debt rather than enforce a security interest. In Defendant's Motion, Defendant relies on an array of unpublished opinions that have no binding effect on this Court. In the unpublished decision of *Santoro v. CTC Foreclosure Service*, the defendant's letters were warnings to keep the payments current, and they did not seek to collect the debt as Defendant's letters do here. Moreover, the defendant, Countrywide, obtained the mortgage *before* default, exempting them from the FDCPA. Here, Defendant's attempted to collect the debts only *after* Plaintiffs defaulted. In *Mickelson v. Chase*

*Home Finance LLC*, another unpublished decision, the defendant actually conducted a non-judicial foreclosure on behalf of Chase. Such is not the case here, as Defendant never initiated a foreclosure against ALAN WILLEY[4], and no foreclosure proceedings against ROBERT MALLORY and KAREN MALLORY ever occurred. Instead, Defendant's letters were attempts to induce Plaintiffs' payment of unpaid debts.

Defendant also leans on a heavily criticized decision, *Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002). Defendant quotes *Hulse* at length for the proposition that any action taken in pursuit of the foreclosure may not be an FDCPA violation. One case that refuses to follow *Hulse* is *Castrillo v. Am. Home Mortgage Servicing, Inc.*, 670 F. Supp. 2d 516, 523 (E.D. La. 2009). The court in *Castro* determined that if a mortgage service company, and those acting on its behalf, take the mortgage *after* default, then it is considered a debt collector. *Id*. Here, Plaintiffs alleged that Defendant acquired the debts through assignment, purchase, or other means after Plaintiffs allegedly defaulted. FAC, ¶ 23, 46. Defendant offers nothing to rebut Plaintiffs' allegations that Defendant obtained the alleged debts post-default. Thus, because Defendant obtained the alleged debts post-default, Defendant is a debt collector subject to the FDCPA.

In discussing whether foreclosure activity is included in the FDCPA, the court in *Castrillo* had this to say:

---

[4] While a foreclosure was initiated later, it was by Quality Loan Servicing, not by Defendant.

Defendants rely on *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or.2002). *Hulse* held that foreclosure actions were not included in the definition of a "debt" under the FDCPA, and therefore creditors and attorneys who brought foreclosure proceedings were not "debt collectors." *Id.* It reasoned that "[f]oreclosing on a trust deed is distinct from the collection of the obligation to pay money.... Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Id. Hulse's* reasoning has been expressly rejected by the Fifth Circuit. *See Kaltenbach,* 464 F.3d at 528 (finding that *Hulse* "misconstrues § 1692a(6)'s method of defining" debt collector); *see also Wilson,* 443 F.3d at 376 ("Defendant's argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods."). In any event, Wells Fargo's involvement goes beyond simply initiating foreclosure proceedings. Counsel for Wells Fargo sent Castrillo a "Notice Pursuant to the Fair Debt Collection Practices Act" on January 20, 2009. (*See* R. Doc. 20–4, "Correspondence Between Plaintiff and Defendants".) **As the letter itself states, "[t]his is an attempt to collect a debt"** in the amount of $18,458.56. *Id.* Accordingly, defendants' reliance on *Hulse* is misplaced. (emphasis added).

*Castrillo v. Am. Home Mortgage Servicing, Inc.*, 670 F. Supp. 2d 516, 523.

In *Vargas v. HSBC Bank USA, N.A.*, the Southern District of California drove home this very point in its analysis:

While the Ninth Circuit has yet to address the question [of whether the FDCPA covers foreclosure-related debt collection activities"] other circuit courts have. For example, ***the argument has been rejected by the Fourth Circuit***. *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) (defendants cannot benefit from § 1692a(6)(F)(i)'s exception to the definition of debt collector merely because they were trustees foreclosing on a property pursuant to a deed of trust). ***It has also been rejected by the Fifth Circuit***.

*Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006) ("We therefore hold that a party who satisfies § 1692a(6)'s general definition of a "debt collector" is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."); see also *Pizan v. HSBC Bank USA, N.A.*, 2011 U.S. Dist. LEXIS 66861 (W.D. Wash. June 23, 2011) ("In asserting that QLS Corp. is not a 'debt collector' within the meaning of the FDCPA, defendants rely on *Hulse v. Ocwen Fed. Bank, FSB*. **Hulse, however, has been called into question by two circuits and at least two district courts within the Ninth Circuit.**"); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 670 F. Supp. 2d 516, 523-24 (E.D. La. 2009) (same). The two circuit decisions are persuasive and apply here to dispatch Defendants' argument. Therefore, Plaintiffs have stated a plausible claim for relief and Defendants' motion to dismiss this claim is denied. (emphasis added).

*Vargas v. HSBC Bank USA, N.A.*, 2012 U.S. Dist. LEXIS 128661, 16-17 (S.D. Cal. Sept. 10, 2012).

Here, Defendant sent letters to Plaintiffs that go beyond initiating foreclosure proceedings. Like in *Castrillo*, Defendant's letters plainly state that the letters themselves are attempts to collect a debt. Defendant's use of "may be" is no escape, since the confusing condition to render Defendant's letters as informative rather than attempting to collect a debt requires Plaintiffs to be in bankruptcy. That is simply not the case, as none of the Plaintiffs were in bankruptcy or had their debts discharged through bankruptcy at the time of Defendant's letters to Plaintiffs. Thus, it is evident that Defendant's letters were attempts to collect alleged debts, and the letters correctly identified themselves as such. Because Defendant's letters were attempts to collect a debt, Defendant's were acting as debt collectors subject to the FDCPA, and Defendant's Motion

must therefore be denied.

### D. Foreclosure activity can be subject to the FDCPA

As noted, *supra*, Defendant relies on *Hulse* for the proposition that foreclosure activity is exempt from the FDCPA. However, some circuits have expressly found foreclosure to fall within the FDCPA parameters. In *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 464 (6th Cir. 2013), the U.S. Sixth Circuit Court of Appeals followed the reasoning of *Reese* in stating "a home loan is a "debt" even if it is secured."

Moreover, the court elected not to follow the view adopted by the majority of district courts, and decided instead that mortgage foreclosure is debt collection under the FDCPA. *See id.* ("Thus, if a purpose of an activity taken in relation to a debt is to "obtain payment" of the debt, the activity is properly considered debt collection. ***Nothing in this approach prevents mortgage foreclosure activity from constituting debt collection under the [FDCPA]***.[5] ***Accordingly, mortgage foreclosure is debt collection under the FDCPA***.") (emphasis added). The court in *Glazer* goes on to say, "[t]he [FDCPA] nowhere excludes from its reach foreclosure or the enforcement of security interests generally." Thus, Defendant's letters, even if attempting to initiate foreclosure proceedings or enforce a security interest, should be subject to the FDCPA because mortgage foreclosure is a

---

[5] *See Shapiro & Meinhold v. Zartman,* 823 P.2d 120, 124 (Colo.1992) (explaining that "foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt").

"means" to collect a debt. *Id*. *See also Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) ("[The] 'debt' remained a 'debt' even after foreclosure proceedings commenced."); *see also Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) (holding that a notice sent in connection with eviction proceedings was a communication related to debt collection because the notice aimed "at least in part to induce [the debtor] to pay the back rent she allegedly owed").

Other circuits have held along the same lines of *Glazer*. *See Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 386 (7th Cir. 2010) (holding that a letter threatening foreclosure while also offering to discuss "foreclosure alternatives" qualified as a communication related to debt collection activity within the meaning of § 1692e). Here, Defendant's letters demanded payment but also offered foreclosure alternatives such as "loan modification." *See* Def.'s Motion, Exs. 1 and 2. In *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005), the court held that a collection letter's threat to execute a lien if payment is not made on a debt "does not change [the law firm's] communications to the [debtors] into something other than an effort to collect that debt". Here, Defendant's letters threaten foreclosure if payment to "reinstate" Plaintiffs' accounts was not made.

It is apparent Defendant was attempting to collect a debt, which is made clear when Defendant demanded payment for "reinstatement," and Defendant's own letters state Defendant was attempting to collect a debt. Because Defendant

was trying to collect a debt from Plaintiffs, rather than enforce a security interest, Defendant's Motion must be denied. Additionally, even if Defendant's letters were considered attempts to enforce a security interest, case law shows the letters are *still* subject to the FDCPA, and Defendant's Motion must therefore be denied.

## IV.   DEFENDANT IS A DEBT COLLECTOR SUBJECT TO THE FDCPA

The FDCPA defines a debt collector as "any person…who regularly collects or attempts to collect…debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). "The FDCPA regulates "debt collectors, " and defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681 (3:10-CV-210-ECR-VPC) (D. Nev., Mar. 23, 2011).

Here, Defendant's argument that Defendant is not a debt collector flies in the face of Defendant's own collection letters sent to Plaintiffs. First, as explained, *supra*, Plaintiffs' alleged payment obligations are "debts" as defined by the FDCPA. Additionally, as will be explained fully, *infra*, Defendant's own collection letters state Defendant is attempting to collect a debt. Further, Defendant's letters to Plaintiffs demanded payment to "reinstate" the accounts. Thus, Defendant's letters to Plaintiffs, demanding payment and identifying

Defendant as attempting to collect a debt, are subject to FDCPA.

**A. Defendant's own collection letters identify Defendant as a debt collector attempting to collect a debt**

Defendant's argument that it is not a debt collector is not only misplaced and impermissible, but such an argument is disingenuous and borders on bad faith. Defendant's letters to Plaintiffs attempted to collect a debt and stated that Defendant could be a debt collector attempting to collect a debt. Plaintiffs adequately plead this allegation in the First Amended Complaint. Thus, not only is Defendant's contention that it is not a debt collector and not subject to the FDCPA patently false, but such an argument lacks a shred of merit and is made in bad faith. Defendant cannot escape that its own letters identify itself as collecting a debt. Defendant's letter to ROBERT MALLORY and KAREN MALLORY included the following:

> **NOTICE: THIS OFFICE MAY BE CONSIDERED A DEBT COLLECTOR AND THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Defendant's letter to ALAN WILLEY stated:

> **NOTICE: THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

"Under the law of this circuit, whether the initial communication violates the FDCPA depends on whether it is "likely to deceive or mislead a hypothetical 'least

sophisticated debtor.'" *Terran v. Kaplan,* 109 F.3d 1428, 1431-32 (9th Cir. 1997); citing *Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.1996) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988)). The objective least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson,* 869 F.2d at 1227. Under the objective least sophisticated consumer standard, it is clear that Defendant's notice in each letter identifies Defendant as a debt collector, and Defendant is therefore subject to the FDCPA.

To satisfy section 1692g's requirements, "the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed ... [**and it**] **must not be** overshadowed or **contradicted by other messages or notices appearing in the initial communication** from the collection agency." *Id.* at 1225 (citation omitted) (emphasis added). Defendant then states in its letters to Plaintiffs that if the consumer went bankrupt, the letter is not a debt collection:

> **HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLET A DEBT OR AS AN ACTO TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU POERSONALLY.**

The notice stating Defendant may be collecting a debt is clearly contradicted

by the following notice where Defendant attempts to qualify its position as a debt collector. The least sophisticated consumer would easily read such conflicting notices and be confused about what Defendant is attempting to do. Moreover, the logical inference of Defendant's disclaimer is that, if a debtor *is not* in bankruptcy, or the debt has not been discharged through bankruptcy, then the letters ***are attempts to collect a debt***. Here, Plaintiffs were not in bankruptcy, nor were their alleged debts discharged through bankruptcy when Defendant sent the respective Plaintiffs the collection letters. Thus, it is crystal clear that Defendant is not only a debt collector, but Defendant holds itself out to be a debt collector in its letters to Plaintiffs since none of the Plaintiffs were in bankruptcy at the time of the letters. Because Defendant is a debt collector, and the letters to Plaintiffs failed to comply with the FDCPA, Defendant's Motion must be denied.

## B. Defendant's collection letters demand payment of an alleged debt

In addition to Defendant's letters identifying itself as a debt collector attempting to collect a debt, Defendant cannot escape that its letters also demand payment of the debt. Indeed, Defendant's letters to Plaintiffs read, "We are writing to let you know that your mortgage loan payment is past due, … You may be able to avoid foreclosure by, among other alternatives, ***paying the total amount necessary to bring the account current***." (emphasis added) Def.'s Motion, Exs. 1 and 2. Each of the letters to Plaintiffs then states the "amount due" for the respective debts. *See Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir.

1998) (holding that a notice sent in connection with eviction proceedings was a communication related to debt collection because the notice aimed "at least in part to induce [the debtor] to pay the back rent she allegedly owed").

In *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005), the court held that a collection letter's threat to execute a lien if payment is not made on a debt "does not change [the law firm's] communications to the [debtors] into something other than an effort to collect that debt". Here, Defendant's letters threaten foreclosure if payment to "reinstate" Plaintiffs' accounts was not made. *See also Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 386 (7th Cir. 2010) (holding that a letter threatening foreclosure while also offering to discuss "foreclosure alternatives" qualified as a communication related to debt collection activity within the meaning of § 1692e).

Because Defendant's letters demanded payment to "reinstate" Plaintiffs, the letters were attempts to collect a debt that are subject to the FDCPA. Therefore, Defendant, who acted as a debt collector by sending the collection letters after Plaintiffs defaulted, is subject to the FDCPA, and Defendant's Motion must be denied.

## V.   DEFENDANT'S ATTEMPT TO COMPLY WITH NRS 107.080(3) IS IRRELEVANT IN RELATION TO THE FDCPA

Defendant attempts to divert this Court's attention from the issue at hand, which is Defendant's failure to comply with the FDCPA in attempting to collect a debt from Plaintiffs, by dedicating a portion of its Motion to explaining how

Defendant complied with NRS 107.080(3). Defendant argues that "[t]he notices, however, did not violate either the FDCPA or the NDTPA. In fact, the notices were required by Nevada law." Def.'s Motion, p. 2, ln. 19-20. This is a *non sequitur*. Defendant's conclusion does not logically follow from the previous argument or statement, as there is no reason why a debt collector cannot follow both state law and the FDCPA. Further, if there was a conflict between state law and the FDCPA, 15 U.S.C. § 1692n, entitled "Relation to State laws" makes it clear that the FDCPA preempts any state law that is contrary:

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n

Defendant's argument is wholly irrelevant to the issues at bar, as Plaintiffs have not alleged that Defendant failed to comply with NRS 107.080(3). Even if Defendant complied with NRS 107, its letters to Plaintiffs did not comply with the FDCPA, and that is the crux of this case. Only in the last sentence of its argument in Defendant's Motion, does Defendant present an argument about whether or not its letters violated the FDCPA. Defendant argues, "providing notice under NRS 107.080(3)(c) cannot be a violation of the FDCA, because the law requires it as part of the non-judicial foreclosure process..." Def.'s Motion, p. 6, ln. 23 – p. 7, ln.

1. But as shown above, Defendant's assertion is patently false, as § 1692n does not relieve any party of the requirements under the FDCPA. And if there was a conflict, which the uncontroverted facts show there is none, federal law would preempt Nevada state law. Thus, Defendant's compliance with NRS 107.080(3) in no way affected its obligations under the FDCPA, and Defendant is therefore still subject to the FDCPA requirements.

## VI.   PLAINTIFFS   ADEQUATELY   PLEAD   DEFENDANT'S VIOLATIONS OF THE NDTPA

Because Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party. *Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984); NRCP 8(a); *Chavez v. Robberson Steel Co.,* 94 Nev. 597, 599, 584 P.2d 159, 160 (1978).

Defendant argues in its Motion that Plaintiffs failed to plead the consumer fraud claim with particularity. Defendant first argues that only NRS 598.015(15) could apply to real estate transactions. First, this case does not turn on real estate transactions. Rather, this case is focused on Defendant's *debt collection* efforts. Second, even assuming *arguendo*, that this case did center on a real estate transaction, Plaintiffs plead, with particularity, Defendant's violation of NRS 598.015(15). *See* Plaintiffs' FAC, ¶ 37 (By acting as a debt collector, ***demanding repayment to "reinstate and avoid the foreclosure," and failing to include the required notices under the FDCPA***, Defendant knowingly made a false representation as to Plaintiffs' rights and liabilities with regard to a transaction.

Thus, Defendant violated NRS 598.0915(15)) (emphasis added). Plaintiffs' First Amended Complaint puts the Defendant on notice of the allegations with more than sufficient particularity.

Plaintiffs' "consumer fraud" claim is also adequately plead. In a 2010 landmark decision, our Supreme Court in *Betsinger v. D.R. Horton*, 232 P.3d 433, 435 * 436, 126 Nev, Adv. Op, No, 17 (May 27, 2010) rendered its first published opinion delineating the *significant differences and distinctions* between a *statutory* claim for consumer fraud, versus one based on *common law fraud*; and in so doing, adopted the majority position of a liberal interpretation with respect to claims involving statutory consumer fraud, also known as deceptive trade practices. The *Betsinger* Court succinctly stated and held:

> NRS Chapter 598 is silent as to the plaintiff's burden of proof for deceptive trade practices. *See* NRS 598.0903 - 0999. Thus, while some deceptive trade practices defined in NRS Chapter 598 sound in fraud, *see*, e.g., NRS 598.0923(2), which, under common law, must be proven by clear and convincing evidence, see *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, we cannot conclude that deceptive trade practices claims are subject to a higher burden of proof absent a legislative directive (internal citations omitted). This accords with the approach taken by many other jurisdictions that have enacted similar consumer protection statutes. (citations omitted).

In *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 666 P.2d 83, 87 *89 (1983), which the Nevada Supreme Court in *Betsinger* adopted, the court stated and held that "consumer fraud" is a cause of action which is *separate and distinct* from common law fraud.

NRS 41.600(2)(e) defines "consumer fraud" as a "deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." Thus, any violation of NRS 598.0915 to NRS 598.0925, inclusive, is consumer fraud *per se*. *See Ocnos v. Nelson*, 2012 WL 3541194 ("Plaintiff has alleged a statutory violation of NRS 482.36661 which is inclusive of the cited provisions found within NRS 41.600(2)(c), and therefore, an act prohibited by NRS 482.36661 is *per se* statutory consumer fraud."). Here, Plaintiffs' First Amended Complaint alleges violations of NRS 598.0915(15) and NRS 598.0923(3). Both violations are included within the definition of a "deceptive trade practice" in NRS 41.600(2)(e). Thus, by alleging NDTPA violations, which are *per se* "consumer fraud" in violation of NRS 41.600(2)(e), Plaintiffs have adequately plead their allegations of "consumer fraud."

///

///

///

///

///

///

///

///

///

## VII.  CONCLUSION

Defendant clearly acted as a debt collector by sending letters that state Defendant may be considered a debt collector attempting to collect a debt, then demanding payment of alleged debts from Plaintiffs. Because Defendant acted as a debt collector, its attempts to collect the debts from Plaintiffs were subject to the FDCPA. Plaintiffs adequately plead each cause of action, both state and federal. Therefore, Plaintiffs respectfully request the Court deny Defendant's Motion in its entirety. Should the Court grant Defendant's Motion, in whole or in part, Plaintiffs respectfully request leave to amend the Complaint of any deficiencies.

Respectfully Submitted,
on September 25, 2014

**Kazerouni Law Group**

BY:  _/s/ DANNY HOREN__
DANNY J. HOREN, ESQ.
NV Bar No. 13153
ATTORNEY FOR PLAINTIFFS

## PROOF OF SERVICE

Pursuant to LR 5-1, I hereby certify that on the 25th day of September, 2014, service of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** was served via EC/CMF Electronic Filing System to Defendant's counsel, addressed as follows:

| Counsel of Record | Phone/Email | Party |
|---|---|---|
| Eric R. Olsen, Esq.<br><br>Gordon Silver<br>3960 Howard Hughes Pkwy., 9th Floor<br>Las Vegas, NV 89169 | P: (702) 796-5555<br><br>eolsen@gordonsilver.com | Defendant |

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is a true and correct statement and that this Certificate was executed on the aforementioned date above.

BY: _/s/ DANNY HOREN__
DANNY J. HOREN, ESQ.
NV Bar No. 13153
KAZEROUNI LAW GROUP, APC