1

2

3

4             **UNITED STATES DISTRICT COURT**

5                    **DISTRICT OF NEVADA**

6                              * * *

7    ROBERT MALLORY, KAREN MALLORY
     and ALAN WILLEY, on behalf of themselves
8    and all others similarly situated,                    Case No. 2:14-CV-00396-KJD-VCF

9                        Plaintiffs,
                                                                        **ORDER**
10            v.

11   MCCARTHY & HOLTHUS, LLP,

12                       Defendant,

13

14          Before the Court is Defendant McCarthy & Holthus, LLP's Motion to Dismiss (#13)

15   Plaintiffs' first amended complaint. Plaintiffs Robert Mallory, Karen Mallory, and Alan Willey

16   filed a response in opposition (#17) to which Defendant replied (#18).

17   I. Background

18          Plaintiffs Robert Mallory and Karen Mallory ("the Mallorys") are Clark County residents

19   who obtained a mortgage loan to purchase a home in Las Vegas (#12, p. 5). Plaintiff Alan Willey

20   ("Willey") is a Clark County resident who obtained a mortgage loan to purchase a home in

21   Henderson. Id. at 10. In 2013, Defendant, a multi-state law firm, sent a letter to the Mallorys and

22   a letter to Willey (#13, p. 4). The letters, which are nearly identical, stated that Plaintiffs'

23   mortgage payments were past due and their properties had been referred to foreclosure (#14, Ex.

24   1, 2). Both letters indicated that Plaintiffs could avoid foreclosure by making their accounts

25   current, obtaining a loan modification, or selling their properties through an approved short sale.

26   Id. Each letter detailed Plaintiffs' account information, including: the total amount needed to

reinstate and avoid foreclosure, the amount in default, the current unpaid principal obligation under the mortgage, the amount of interest accrued, the amount of accrued late charges, and the estimate of fees imposed in connection with the power of sale. Id.

Several months later, Plaintiffs filed a complaint (#1) and a first amended complaint (#12) asserting that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Nevada Deceptive Trade Practices Act ("NDTPA") when it sent letters that, Plaintiffs alleged, were not in compliance with the FDCPA. Defendant filed the present motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).

II. Legal Standard

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plausibility, in the context of a motion to dismiss, means that a plaintiff has pleaded facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

The Iqbal evaluation illustrates a two prong analysis. First, a court identifies the allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, a court determines if the remaining factual allegations plausibly suggest an entitlement to relief. Id. at 1951. If the allegations state plausible claims for relief, the claims survive the motion to dismiss. Id. at 1950.

///

2

III. Analysis

Defendant contends that Plaintiffs' first amended complaint should be dismissed because (1) Defendant did not engage in "debt collection," as defined by the FDCPA; (2) Defendant is not a "debt collector," as defined by the FDCPA; (3) Plaintiffs' claim involving 15 U.S.C. § 1692f is deficient; and (4) Plaintiffs failed to properly plead an NDTPA claim.

A. The Fair Debt Collection Practices Act

Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, ensure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e). To accomplish this, the FDCPA prohibits several debt collection practices and allows individuals to sue offending debt collectors. See 15 U.S.C. §§ 1692a-p.

In their first amended complaint, Plaintiffs allege that Defendant violated three FDCPA provisions. The first provision, 15 U.S.C. § 1692g(a), requires a debt collector to send a consumer written notice within "five days after the initial communication with a consumer in connection with the collection of any debt," and outlines the contents of that notice. The second provision, 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The third provision, 15 U.S.C. § 1692f, states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Defendant first argues that it was not engaged in "debt collection," as defined under the FDCPA. Thus, to survive Defendant's motion to dismiss under Rule 12(b)(6), Plaintiffs must allege facts that allow the Court to reasonably infer that Defendant engaged in "debt collection." See Iqbal, 129 S. Ct. at 1949. Plaintiffs allege that Defendant engaged in "debt collection" when it sent its letters to Plaintiffs because the letters state that they are an attempt to collect debt (#12,

///

3

pp. 5-7, 10-11). Plaintiffs support this allegation with specific language found within each letter.[12] <u>Id.</u> These factual allegations must be construed in a light most favorable to Plaintiffs. <u>See</u> <u>Wyler</u> 135 F.3d at 661. Viewed this way, they plausibly suggest that Defendant engaged in "debt collection."

Defendant next argues that it is not a "debt collector" under the FDCPA. The FDCPA defines a "debt collector" as any person who (1) "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA also contains six classes of people or organizations that are excluded from its definition of "debt collector." 15 U.S.C.A. § 1692a(6)(A)-(F). Plaintiffs allege that Defendant regularly engages in debt collection both for itself and on behalf of others (#12, pp. 4-5). This clearly falls under the FDCPA's definition of a "debt collector." Defendant does not refute Plaintiffs' assertion, nor does it claim one of the exceptions outlined in the FDCPA. Thus, these factual allegations, when viewed in a light most favorable to Plaintiffs, plausibly suggest that Defendant is a "debt collector."

Defendant finally argues that Plaintiffs' claim involving 15 U.S.C. § 1692f is deficient because Plaintiffs fail to specify how Defendant's conduct was unfair or unconscionable. Although § 1692f outlines specific conduct that violates the FDCPA, it also prohibits unfair or unconscionable collection means generally. <u>See</u> 15 U.S.C. § 1692f. Plaintiffs allege that Defendant engaged in unfair or unconscionable collection means when it sent the letters to collect on Plaintiffs' debts, failed to include the federally required notices, failed to include the required statutory language, failed to identify to whom the debt was owed, failed to notify

---

[1] The Mallory letter states, in part: "**NOTICE: THIS OFFICE MAY BE CONSIDERED A DEBT COLLECTOR AND THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**" (#12, p. 7).

[2] The Willey letter states, in part: "**NOTICE: THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**" (#12, p. 11).

1   Plaintiffs' of their legal rights to dispute, and failed to notify that the debt would be assumed

2   valid unless it was disputed (#12, pp. 7-9, 11-13). When viewed in a light most favorable to

3   Plaintiffs, these allegations state a plausible claim for relief.

4             B. Nevada Deceptive Trade Practices Act

5             Defendant contends that Plaintiffs failed to properly plead an NDTPA claim. The

6   NDTPA is codified as NRS 598.0903-598.9694. If a party is found to have engaged in a

7   "deceptive trade practice" under the NDTPA, it may be subject to civil liability under NRS

8   41.600, which allows victims of consumer fraud to sue for damages, equitable relief, and

9   attorney's fees.

10             Plaintiffs assert that the NDTPA incorporates the FDCPA through NRS 598.0923(3).

11   Plaintiffs are incorrect. NRS 598.0923(3) states: "a person engages in a 'deceptive trade practice'

12   when in the course of his or her business or occupation he or she knowingly violates a state or

13   federal statute or regulation relating to the sale or lease of goods or services." Defendant's debt

14   collection efforts, as outlined in Plaintiffs' first amended complaint, are not a "sale or lease of

15   goods or services." Defendant is not offering Plaintiffs any good or service; rather, it is

16   attempting to recover on Plaintiffs' pre-existing debts. Thus, Plaintiffs' allegations, even when

17   taken as true, do not establish that Defendant engaged in a "deceptive trade practice" under NRS

18   598.0923(3).

19             In their response, Plaintiffs contend that Defendant's failure to include FDCPA notices in

20   its letters is a "deceptive trade practice" under NRS 598.0915(15). The Court disagrees. Under

21   NRS 598.0915(15), a person engages in a "deceptive trade practice" if, in the course of his or her

22   business or occupation, he or she knowingly makes any other false representation in a

23   transaction. In Nevada, the suppression or omission of a material fact is equivalent to a false

24   representation only when a party is bound in good faith to disclose that material fact. See Nelson

25   v. Heer, 163 P.3d 420, 426 (Nev. 2007). Plaintiffs do not identify how Defendant is bound, under

26   Nevada law, to disclose the information found in the FDCPA notices. Plaintiffs also do not

specify any affirmative misrepresentations Defendant made. Plaintiffs consequently fail to state a plausible NDTPA claim under NRS 598.0915(15).

Plaintiffs' first amended complaint does not state a plausible claim for relief under the NDTPA. However, the Court grants Plaintiffs leave to file a second amended complaint to correct these deficiencies within ten (10) days from the entry of this order.

C. Defendant's Other Arguments

Defendant raises several other issues[3] which argue facts, rather than the sufficiency of the complaint. Although Defendant may choose to raise these arguments in a motion for summary judgment, the Court declines to convert the present motion into a motion for summary judgment.

IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss (#13) Plaintiffs' First Amended Complaint is **DENIED IN PART** as to Plaintiffs' FDCPA claims, and **GRANTED IN PART** as to Plaintiffs' NDTPA claims;

**IT IS FURTHER ORDERED** that Plaintiffs Robert Mallory, Karen Mallory, and Alan Willey are granted leave to file a second amended complaint correcting the deficiencies of their NDTPA claim within ten (10) days of the entry of this order.

DATED this   11th   day of May 2015.


_____
Kent J. Dawson
United States District Judge

---

[3] Defendant argues that its actions were foreclosure proceedings, which are not a "debt collection" under the FDCPA. Defendant also argues that it is not a "debt collector" under the FDCPA because it was merely enforcing a security interest in real property.